Case number 21-1093, Sanitary Truck Drivers and Helpers, Local 350, International Brotherhood of Teamsters, Petitioner, v. National Labor Relations Board. Mr. Sharma for the petitioner, Mr. Atrapatsa for the respondent. May it please the court. My name is Manish Sharma. I represent Teamsters Local 350 in this matter. I have preserved two minutes of my time for rebuttal. This is of course not the first time this court has seen this case. In its earlier decision, this court agreed with the board's determinations that the common law of agency dictates its joint employer analysis, that for 30 years prior to Browning-Ferris 1, the board's joint employer standard did not consider reserved control and indirect control, that Browning-Ferris 1 changed the board's joint employer standard by allowing for it to consider evidence of reserved control and indirect control, and that both of control are relevant to the common law analysis. The court remanded the case to the board with clear instructions. First, clarify with precision what forms of indirect control are relevant to an employment analysis under the common law. And second, to apply the second step of the Browning-Ferris 1 standard, that is whether the employer at issue possesses sufficient control over the employee's essential terms and conditions of employment to permit meaningful collective argument. In addressing the company's retroactivity argument, the court held it to be premature to consider that issue because it cannot evaluate reliably whether expectations were unsettled by the new standard prior to the board's clarification of the standard and application of that standard. However, the court did suggest that in clarifying the indirect control element and applying the second step of the analysis, the board keep in mind certain retroactivity principles. On remand, the board failed to follow these clear instructions and instead recast Browning-Ferris 1 as holding that reserved and indirect control standing alone can be determinative of joint employer status rather than simply forms of control that may be considered. It further mischaracterized the predecessor standard when it claimed that that standard did consider reserved and indirect control, but would not allow it to be determinative without additional evidence of direct and immediate control. Based on these mischaracterizations, the board made several errors that warrant a remand. The board's mischaracterizations justified its decisions to both not clarify the indirect control factor and to not apply the Browning-Ferris 1 standard retroactively because it claimed that any clarification would incorporate the change in what evidence may be determinative standing alone. And it said that even though the board in this court said that this was not such a case because there was evidence of direct and exercise control, as well as reserved and indirect control. It also, the board also justified it. I'll ask you one question. It's always formulated as direct and immediate control. What does immediate mean? I understand that to me, not what the board sometimes is referred to as limited and routine control. It doesn't seem like a good word for non-limited or non-routine to me. A lot of these I don't think are great words, but that is my understanding. When they say direct and immediate, that it's both direct as in they're the ones providing the direction and that they're working. I don't think the board has ever really explained what they mean by that term. Help me understand your argument about, I guess it's really, I think kind of an argument about order of decision-making. I mean, the board had to determine whether to apply the rule from Browning-Ferris one retroactively. Why couldn't the board decide to do that analysis first here? Sure. Because in our position is that it can't do that analysis without knowing what the new standard is. It's the same reason the court didn't do that analysis. It said it was premature to do it because they didn't know what the new standard was without the clarification on the indirect control element, or even if Browning-Ferris is a joint employer under that analysis. And without knowing if Browning-Ferris is even a joint employer, if the board would even find them to be a joint employer, you can't determine whether any expectations have been settled. They very well might not, because Browning-Ferris might not be a joint employer under the name. Your position that the board had no authority to change its mind about what the standard should be. So in other words, that the board had no authority to say, you know, we think that Browning-Ferris one was wrong. So we are going to just go back to the old standard. And so the board had no authority to do that yet. Would the board have been, I guess, acting ultraby Iris, if it had just done that? My question could have just done that. It's it possibly could have decided that that the Browning-Ferris one standard was not the right standard. It did not. It's not what it said. But so if you answer yes to that question, that they could have done that, then I don't understand how you have a case. Yeah. So then I was going to say the second part is that even if they could do that, they couldn't go back to simply the old standard as they described it, because this court said in the Browning-Ferris decision that the common law dictates the joint employer analysis, that the common law is defined by the judiciary and can't be recast by the board, and that the common law takes into account indirect control and reserve control, and that the prior standard didn't do that, which would make the prior standard inconsistent with the common law. And the board here justifies its reliance on the prior standard by saying that it was consistent with the common law and just ignores the fact that this court said that for 30 years, the board did not take into account reserved and indirect control. So even if it could say that the Browning-Ferris one standard was wrong, which it didn't say, it's justification for not applying it, it can't just revert back to the old standard and the justification that it gave, which is that it was consistent with the common law all along. Well, I don't know that we held that the old standard was inconsistent with common law. We said that the common law permits consideration of indirect control, but I mean, my recollection in wrestling with this case before is that it was very difficult, it was a very difficult case because there was no like one articulation of the common law that all courts agreed on with respect to indirect control and how indirect control factors in and the specifics of it. What language are you pointing to in our opinion that you think mandates consideration of indirect control? Well, certainly this court says that under Supreme Court and circuit precedent, National Labor Relations Act test for joint employer status is determined by the common law agency. It identified that the change in the standard was that the board didn't consider indirect control and reserve control, and now it does. That was what was challenged. Everybody understood that that was what the change was. And then the court says... I mean, did we say that the old standard was wrong? So everybody, as I said, it was understood, at least at the time, it was understood that the change being made was that reserve control, indirect control were not considered and now they were considered. And this court says, we conclude that the board's right to control standard is an established aspect of the common law agency. The board also correctly determined that the common law inquiry is not wittingly confined to the issue of direct and immediate control. An employer's indirect control over employees can be a relevant consideration. It also said traditional common law principles of agencies do not require that control be exercised directly and immediately to be relevant to the joint employer inquiry. That's a quote, correct? Correct. So, and then practically speaking, it would be sort of futile to allow the board to apply its prior standard that was inconsistent with the common law because this court doesn't defer to the board's understanding of the common law. We also said an agency that closes its mind to evidence of indirect control is supported by law. Correct. And a correct articulation of the governing law attests, and that legal standard is a common law principle that a joint employer's control, whether direct or indirect, exercised or reserved. Right? That's the correct articulation. Yeah. Yeah. I think it's repeatedly makes clear that these are considerations within the common law. Colleagues, any further questions? No. We'll give you two minutes for rebuttal. May it please the court. May it please the court. My name is Milakshmi Rajapaksa. I'm counsel for the National Labor Relations Board. Contrary to the union's claims in this appeal, the board acted reasonably and consistent with this court's remand opinion in revisiting its decision to apply the Browning-Ferris One joint employer standard retroactively, and in finding on closer consideration that retroactive application would be manifestly unjust. The board began its analysis by asking, consistent with in-circuit precedent, whether Browning-Ferris One constituted a substitution of new law for old law that was reasonably clear and on which employers may have relied in organizing their business relationships. The board found that there was such a substitution. Under Browning-Ferris One, excuse me, under pre-Browning-Ferris One law, it was an absolute requirement that an employer exercise direct and immediate control in order to be considered a joint employer under the act, whereas Browning-Ferris made it possible for an employer to be held a joint employer based on reserved and indirect control standing alone. This was a dramatic shift in the law. It didn't do that. It didn't need to because it also found direct control in that case. That's not what happened. And it seems to me the 2020 rule itself, which predated the board's decision here, made quite clear that past board cases had allowed consideration of indirect and reserved control. It's just you had to have direct control, too. You couldn't decide it just on that. And Browning-Ferris One, the first board decision, didn't rely just on reserved and indirect. It was an adjudication. It wasn't a rulemaking. And it found direct control in that case. And then the rule made quite clear that as long as you're just considering indirect and reserved control and you apply the second step, the meaningfully affect matters relating to employment relationship front of the analysis, that can itself limit the role of indirect and reserved control. And so it's very odd to me that the rule that came out in 2020 provided a framework consistent with past board decisions where things would have just been clarified and organized and explained. And had they done that same thing in 2021, they would have been able to apply their first Browning-Ferris standard to this case in the same manner as the rule seemed to anticipate. So the rule is sort of going, no, we had some of both in our history. We looked at it sometimes. Of course, we've never said it'll reserve and indirect alone counts. And that's not what happened in the Browning-Ferris One decision by the board here either. And the rule itself said, here's how this all fits together. Don't forget that second, the second prongs. In this case, we told the board to keep in mind, you've got to go back and look how these things bear on matters for collective bargaining, how it would work with that, which would have its own limiting force. Had the board done that, there would have been no retroactivity issue at all. Correct? Well, I will say factually in this Browning-Ferris case, there is some evidence of direct and immediate control. And that's true, Your Honor. But the Browning-Ferris test that was articulated was not limited to the facts of this case. It was a broad test that was meant to be applied. It was an adjudication. It was an adjudication. And they were quite clear in that case that we have all three. And we were crystal clear that this case doesn't present that question. Right. But the board in framing its Browning-Ferris one test said, first of all, there's no longer any requirement of direct and immediate control. And any control can be limited in routine and still qualify. And reserved indirect control are probative. And so if you put those two statements together, the necessary implication... This is about a remand. And we made crystal clear what the case was about. And the board itself had said this case involves direct evidence. So we had said, first of all, we said we completely upheld the use of the consideration of reserved control. The remand was narrow. And it is, we uphold as fully consistent with the common law, the board's determination that both reserved authority control and indirect control can be relevant factors in the joint employer analysis. What we remanded for was application in that case, because it's an adjudication. Application in that case of the indirect control factor. That's what had... We've flagged as having some confusion or lack of clarity and some concerns about the lines that were drawn. Simply application of an upheld legal test in the facts of the Brown v. Ferris case. And as part of that, we said this case does not present the question of what happens if there isn't evidence of direct control. And the board realized that. We just said there was direct control. So I don't understand how with us having sustained the articulation of the test as considering reserved and indirect control, that's consistent with common law. That was upheld. And we remanded only for application of one factor, the indirect control. Not articulation of it. Application on the facts of this case. We've ended up in this world where they go, you know what we're going to do? We're going to ignore the facts we found in Brown v. Ferris one. We're just going to ignore the existence of a law that was upheld. A legal articulation of a rule that was upheld by the DC circuit. And we're going to apply the regional director's rule, which is the one articulation that was rarely employed by the board in the past. According to the 2020 rule. I think the board understood this court's remand to be asking essentially for clarification of certain terms that were used in the test. If they can read it, we reverse the board's articulation and application of the indirect control element in this case to the extent that it failed to distinguish between, you know, sort of common law factors and normal contract terms. That's what the remand is. That's much narrower than what it's being described as. And so it just didn't present the question of whether they should jettison a rule that doesn't require any direct control at all. We were right. It was very clear that that wasn't what this case presented. And this is an adjudication, not a rulemaking. Right. There was, I mean, I think the factually in this case, there is a change that affects the outcome of this case in the change in test. So under the prior law before Browning-Ferris one, limited and routine direct control would not count. Under Browning-Ferris one, it does count. Everything counts. And that's part of the dramatic difference. But they have not gone back. Tell me, could they have gone back in this case? I'm not saying they had to, but couldn't they have gone back and said, we overshot on what we counted as indirect control. We're taking those off the table. Here are the things that we think we shouldn't have included as indirect control. Let us be clear what indirect control is. And it's informed by the fact that it has to bear on sort of workable collective bargaining, which is going to make it more stringent. And having done that, we look, we've got some direct control, we've got some reserve control, and we have some indirect control. And it could have looked at those, having knocked out the things it wasn't supposed to consider. And it could have said, because there's that direct control, and we consider those other factors, that does or does not. It could have decided the direct control was enough or not, considering, just considering the existence of reserved and indirect control. And it could have said, they are or are not an independent contractor on that basis. And that would have been fully consistent with, as the 2020 rule explained, the long arc before decision. The board also, your honor, I think... Isn't that right? I don't think the board viewed the situation that way at all. I'm asking you whether under a remand that was possible. Knock out indirect control things that we shouldn't have counted, because that's what the remand was focused on. It was just the application of indirect control and how it was articulated in this case. And said, all right, here are the legitimate indirect control things. Or they could have said, we're just not going to do indirect control at all. Here's what we have that's reserved and direct. And that is or is not enough. They could have done that. The board could have done that. But the board could have done that. And if it had done that and come out either way, that would not have been a whole new application of a rule of law. At least as a 2020 rule teaches, that would have not been a whole new application of law of board law. Now, someone might have had a dispute whether they got it right. Sort of an arbitrary and capricious review of whether they got it right. But it wouldn't have been a whole new application of law that necessitated a retroactivity. Well, the board and the board... Correct? I'm not asking what operationally could have happened. I think it would have been different because reserved control would be getting much more weight than it had ever gone before. No. What do you mean? It's been considered in the past. I'm not telling you they could have said we have to have direct control. If they said we don't have enough direct control, then you're not an independent... You're not a joint employer. They could have said that. There's not enough direct control here, couldn't they? I don't... Well, I think they could have said that, Your Honor, but it wouldn't have removed the novelty of the test. Because before reserved control and limited and routine direct control would not result in a finding of joint employer status. It would not... I'm sorry. Were they not considered as factors in past board cases? That's what the 2020 rule said. They were. They were. But I'm... Right. The point I'm... They would have given up... If they had given it the exact same weight they gave reserved and direct control in old cases, and even in 2000, in Rendezvous and MB Sturges, they had treated it just the same, which they could have. So all we said is that rendezvous... Excuse me. That reserved control is a relevant factor. 2020 rule tells us, yeah, we did that in the past. They could have decided that, and there would have been no retroactivity issue. Right. If the court believes that the board did not follow its instructions, the board does believe the appropriate course would be... I'm just saying they said that there's no way, no how, we could decide this without triggering retroactivity. And I'm trying to give you some scenarios where they very well could have. And it seemed to me the retroactivity analysis depended on this view that there was some sharp turn in the Brown and Ferris One decision that in fact seems inconsistent with how history is described by the board itself the year before in its rulemaking. I don't think so, Your Honor. I mean, again, as I said, the quality of direct control that's considered is different under Brown and Ferris One. Okay, so that's one thing. And in addition... That's what the remand was for, was just to clarify that. Well... That's exactly what they could have done. Well, the remand, as the board understood it, was to clarify indirect control. It wasn't to modify the entire test. It was to clarify indirect control and then to define certain terms, like what is an essential term in a condition of employment? What does meaningful collective bargaining mean? And the board's view is simply that the clarification of the mechanics of this test and the terminology would not change the structure of things. Is that before, you could consider reserved and indirect control, but they couldn't be determinative, standing alone. Whereas now they would be. Okay, so your whole case here depends on reading the passport decision and saying that reserved and... As this being a case, the Brown and Ferris case B-1, where reserved and or indirect or them combined were alone determinative. I understand your position. Yes, that is the board's position. And I thank you to my colleagues. Can I ask you, can I just ask a quick, slightly different question? Can you just tell me to understand whether the board distinguished or otherwise addressed its earlier fact finding about direct and immediate control in its remand decisions? The board did not, in this decision, it simply adopted the regional director's determinations. But I will say that the regional director's determinations, to the extent that there's any seeming inconsistency between his decision and what the board in Browning-Ferris-1 found, I think those inconsistencies are the result of two different tests being applied and a different view of what the relevant facts are. So the regional director was looking for evidence of substantial direct and immediate control. And when he found that lacking, he highlighted those things. Whereas the board was looking at a range of different factors in Browning-Ferris-1, including indirect control of all kinds, routine, non-routine. And so the board in Browning-Ferris-1 swept in many more facts, essentially, than the regional director did. But I think that's all due to the difference in the legal standard. Colleagues, any further questions? My recollection from your brief is that the board's position on our standard of review of the retroactivity decision is de novo, right? Is that essentially, yes, except, you know, to the extent that the board is weighing statutory policy, the board would get some deference on that. All right, thank you. Thank you. Thank you very much. All right, Mr. Sharma, we'll give you two minutes. Thank you. I think I just have three quick points. Just to reiterate your point, Judge Millett, in the board's rulemaking at 85 FR 11191, they say specifically that the way they sort of clarify how the board has taken into account indirect and reserve control, but not given a determinative weight, is consistent with the common law. And they say it's consistent with the 30-year precedent prior to Browning Fairs 1. So that... And they only say it's consistent with our decision. And with your decision. So it's consistent with all three, which means that their position that there could be no clarification that wouldn't unsettle expectations is totally undermined by that. The other point I wanted to make was my colleague, Mrs. Rajapaksi, mentions the direct and immediate control under the new test that they wouldn't be... It would allow for limited and routine. The board in its decision on remand doesn't mention that at all. All they point to is reserved and indirect control and how those would be part of the standard as its reason for not applying retroactivity. And then the last, her point about the inconsistency of the rulemaking, being based on the different tests, is the board certainly found facts that would seem to be evidence of direct control, such as the number of people who stand on a material stream, where they stand on the material stream, and what order they pick material out of that stream, including whether or not they use their right hand or their left hand to do it, would seem to be evidence of direct control.  Do my colleagues have any questions? Okay. The case is submitted. Thanks to council.
judges: Millett, Wilkins, Jackson